Filed 3/13/26  P. v. Price CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341108 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA078445) |
| v. | |
| SHANTIC PRICE, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen Inberg and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Shantic Price, who is currently serving a three-strike prison sentence of 52 years to life, appeals from the superior court's order resentencing him under Senate Bill No. 483 (2021-2022 Reg. Sess.; Stats. 2021, ch. 728, § 3) (Senate Bill 483), codified as Penal Code section 1172.75 (formerly section 1171.1).[1] The court struck Price's two one-year prior prison term enhancements under section 667.5, former subdivision (b), reducing his aggregate sentence from 52 years to life to 50 years to life. But Price contends the court abused its discretion when it refused to strike his firearm enhancement and declined to dismiss one or both of his prior strike convictions under section 1385. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Underlying Facts*

In March 2005 at around 10 p.m. Ebony Leslie was driving alone in her pickup truck on her way to pick up her fiancé. She slowed down when she saw her fiancé, and he approached the car. Leslie then noticed Price standing on the passenger side of her truck with a gun in his hand. Price fired his gun and shot Leslie six times, in the middle finger of her left hand, her pelvic area, her leg, and her stomach. Price kept firing, her fiancé began running away from the truck, and Leslie drove away.

---

[1]    Statutory references are to the Penal Code. Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text. (Assem. Bill No. 200 (2021-2022 Reg. Sess.) Stats. 2022, ch. 58, § 12.)

Leslie drove to El Segundo Boulevard, flagged down a sheriff's deputy, and reported the crime. Paramedics arrived and took her to a hospital in an ambulance.

As a result of her gunshot wounds, Leslie had two surgeries. She was hospitalized several times, including an initial five-day stay and later to have a bullet removed that was blocking her intestines. When Leslie was released after her first hospitalization, she needed help showering, combing her hair, and performing other basic tasks. She had continuing pain in her stomach and hand as a result of her injuries, and she could not bend her middle finger.

B.    *Conviction and Sentence*

The People charged Price with attempted murder (§§ 187, subd. (a), 664, count 1), shooting at an occupied vehicle (§ 246, count 2), and assault with a semiautomatic firearm (§ 245, subd. (b), count 3). In 2005 a jury found Price guilty of counts 2 and 3. On count 2, the jurors additionally found true the allegations that Price personally used a firearm, intentionally discharged a firearm, and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (b)-(d)). As to both counts, the jury found true the allegation that Price personally inflicted great bodily injury (§ 12022.7, subd. (a)). The jurors could not reach a verdict on count 1, and the court dismissed it. Price waived his right to a jury trial on, and the trial court found true, the allegations that Price had served two prior prison terms (§ 667.5, former subd. (b)) and suffered two prior strike convictions under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for robbery (§ 211) in 1993 and voluntary manslaughter (§ 192) in 1995.

After denying Price's *Romero* motion[2] to strike his prior strike offenses, the court sentenced Price as a third striker to 52 years to life on count 2: 25 years to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), plus two years for the section 667.5, former subdivision (b), prior prison term enhancements. The court stayed the sentence on count 3 under section 654 and also stayed the sentence on the section 12022.7, subdivision (a), great bodily injury enhancement. We affirmed the judgment on May 14, 2007. (*People v. Price* (May 14, 2007, B188602).) [nonpub. opn.].)

C.   *Section 1172.75 Resentencing*

In 2021 the Legislature invalidated all section 667.5, former subdivision (b), prior prison term enhancements that were imposed before January 1, 2020 and did not arise from convictions for sexually violent offenses. It also enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements. (§ 1172.75, subd. (a).)

In July 2024 Price petitioned for resentencing under section 1172.75. He asked the court to strike the now-invalid section 667.5, former subdivision (b), enhancements and conduct a "full resentencing," applying "ameliorative changes in the law" enacted since his original sentencing, including, as relevant here: (1) Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which amended section 1385, governing the dismissal of certain enhancements in the interest of justice (Stats. 2021, ch. 721, § 1); and (2) Senate Bill No. 620 (2017-2018 Reg. Sess.), which

---

2      *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

4

amended sections 12022.5 and 12022.53 to grant discretion to trial courts to dismiss or reduce firearm enhancements in the interests of justice (Stats. 2017, ch. 682, § 1).

As part of the full resentencing, Price requested the court "grant a *Romero* motion as to his prior strike(s), impose a lesser gun enhancement, and dismiss other enhancements in the interest of justice." He argued the court was now required under section 1385 to give " 'great weight' " to the following mitigating circumstances: (1) multiple enhancements applied to his sentence, (2) application of the enhancements resulted in a sentence over 20 years, (3) his offense stemmed from childhood trauma, and (4) his prior convictions were over 10 years old (from 1993 and 1995) (§ 1385, subd. (c)(2)(B), (C), (E), (H).) Price also asked the court to exercise its discretion to strike the firearm enhancement or to reduce it to one of the lesser included enhancements in section 12022.53.

In support, he submitted certificates showing he completed numerous rehabilitative programs while incarcerated, along with letters from program and work supervisors and supporters. He had earned his GED in 2010 and had participated in college-level courses since 2015. His prison record showed no violence, drug use, or theft since he entered incarceration in 2006. He committed two rules violations: possession of inmate-manufactured alcohol in 2008 and possession of a wireless communication device component in 2022. Price had been conditionally accepted into a long-term reentry program. Price also described his significant childhood trauma, including living with a drug- and alcohol-addicted mother who died by suicide in front of him.

The People opposed any reduction in Price's sentence beyond dismissing the two section 667.5, subdivision (b), prison prior enhancements. They argued a lesser sentence would endanger public safety.

In August 2024 the court vacated Price's sentence and resentenced him. The court indicated it had reviewed the resentencing motion, the People's responsive motion, the probation officer's report, the transcript of the original sentencing, the original minute order, and the abstract of judgment. It declined to strike either prior strike conviction or to dismiss or reduce the section 12022.53, subdivision (d), firearm enhancement. The court stated it was aware of its discretion to dismiss the strike priors and the firearm enhancement, but declined to do so "based on the defendant's criminal history and the violent nature of the instant matter." It explained the strike priors remained "within the spirit of the Three Strikes law."

The court sentenced Price to 50 years to life for count 2, calculated as 25 years to life under the Three Strikes law plus a consecutive 25 years to life for the firearm enhancement. On count 3, the court sentenced Price to six years (the middle term), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a))—both stayed under section 654. The court struck the two section 667.5, former subdivision (b), prior prison term enhancements. Price's new aggregate sentence is 50 years to life.

Price timely appealed.

# DISCUSSION

A.  *Governing Law and Standard of Review*

Effective January 1, 2022, Senate Bill 483 added section 1172.75 to the Penal Code.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310.)  Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (§ 1172.75, subd. (a).)  Section 1172.75, subdivision (b), instructs the California Department of Corrections and Rehabilitation (CDCR) or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' "  (*Christianson*, at p. 310, quoting § 1172.75, subd. (b).)  For the identified persons, the sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement.  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant."  (*Ibid.*; see *Christianson*, at p. 310.)  " 'By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements.' "  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 359.)

Section 1172.75 outlines "specific instructions" for resentencing.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.)  The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed

7

enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," and further, resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Additionally, the sentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)[3]

Senate Bill 81 created a change in law the court must apply at a section 1172.75 resentencing. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 334.) Effective January 1, 2022, Senate Bill 81 amended section 1385 by adding subdivision (c). Subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any

---

[3] The court is also required to appoint counsel for the defendant and, unless the trial court originally imposed the upper term, may not impose a sentence exceeding the middle term unless circumstances in aggravation that justify the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt. (§ 1172.75, subd. (d)(4), (5).)

initiative statute." Subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." As relevant here, mitigating circumstances include the following: "[m]ultiple enhancements are alleged in a single case," "[t]he application of an enhancement could result in a sentence of over 20 years," "[t]he current offense is connected to prior victimization or childhood trauma," and "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B)-(E), (H).)

If the court finds dismissal of the enhancement would endanger public safety, "consideration of the mitigating factors in section 1385[, subdivision] (c)(2) is not required." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 297 (*Mendoza*); see *People v. Walker* (2024) 16 Cal.5th 1024, 1033 (*Walker*).) But a court is not required to find that dismissal of an enhancement would endanger public safety to deny dismissal of an enhancement under section 1385, subdivision (c). (*Walker*, at p. 1036; see *id.* at p. 1033 [§ 1385, subdivision (c)(2), "does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety"].) But "if the court *does not* find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will

9

generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, at p. 1029, italics added.)

The new section 1385 provisions regarding dismissal of enhancements under subdivision (c) do not apply to strike offenses. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243-244; see *People v. Williams* (2014) 227 Cal.App.4th 733, 744 ["The Three Strikes law is a penalty provision, not an enhancement."].) However, the trial court has discretion under section 1385, subdivision (a), to dismiss in furtherance of justice "allegations or findings that a defendant has previously been convicted of a serious and/or violent felony that would otherwise count as a 'strike' under the 'Three Strikes' law." (*People v. Dain* (2025) 18 Cal.5th 246, 252; see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.) "In deciding whether to exercise its discretion to dismiss a prior strike conviction in the interests of justice, a trial court 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [sentencing] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Nunez* (2023) 97 Cal.App.5th 362, 370-371; see *People v. Williams* (1998) 17 Cal.4th 148, 161; *People v. Rogers*, *supra*, 108 Cal.App.5th at p. 358.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart

10

from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*); see *Rogers*, at p. 358.)

We review for abuse of discretion the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (c).  (*Mendoza, supra*, 88 Cal.App.5th at p. 298.)  We similarly "review a trial court's ruling on a *Romero* motion under the deferential abuse of discretion standard, which requires the defendant to show that the sentencing decision was irrational or arbitrary."  (*People v. Avila, supra*, 57 Cal.App.5th at p. 1140; *Carmony, supra*, 33 Cal.4th at p. 375.)  "That deferential standard asks not whether the trial court's decision was *correct* in the sense that it is the same decision we would have made; rather, it asks whether the court's decision falls within the range of outcomes permitted by the controlling law."  (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170.)  "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing [enhancement] under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

B.    *The Court Did Not Abuse Its Discretion by Declining To Dismiss or Reduce the Firearm Enhancement*

Price argues the trial court abused its discretion by refusing to dismiss or reduce his section 12022.53, subdivision (d), firearm enhancement.  In declining to do so, the court

indicated it was "aware of [its] discretion to strike that allegation pursuant to . . . section 12022.53, subdivision (h),[4] as well as [section] 1385." The court indicated it would not strike the firearm enhancement based on the violent nature of the instant offense, as well as Price's past criminal history.

Price first contends the court failed to consider his postconviction mitigating evidence, as required under section 1172.75, subdivision (d)(3). The record does not support that claim. At the hearing, the court stated it had reviewed Price's motion, which included 20 exhibits, including a relapse prevention plan, prisoner progress reports, and letters from supporters. Although the court did not explicitly address the postconviction factors on the record, it did not have to. "Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules." (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322; see also *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 [" 'Absent evidence to the contrary, we presume that the trial court knew the law and followed it' "]; Cal. Rules of Court, rule 4.409[5] ["[r]elevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered unless the record affirmatively reflects otherwise"].) "[N]o particular language was

---

[4]     Section 12022.53, subdivision (h), provides: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

[5]     Rule references are to the California Rules of Court.

12

required for the trial court to decline to dismiss" the firearm enhancement. (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157 (*Bravo*).) We further note that section 1172.75 permits a court to consider postconviction factors, but does not require the court to give them dispositive weight. (See § 1172.75, subd. (d)(3) [the court "*may* consider postconviction factors," emphasis added].)

Second, Price contends the court failed to give the statutorily required weight to "at least two" mitigating factors enumerated in section 1385, subdivision (c), namely the fact that the 25-year enhancement resulted in a sentence of greater than 20 years (subdivision (c)(2)(C)) and the fact that Price's offense was connected to prior childhood trauma (subdivision (c)(2)(E)).[6] Under section 1385, subdivision (c), the court was required to "consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present" and to dismiss the firearm enhancement "if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1)-(2).) "[S]ection 1385, subdivision (c)(2)'s mandate to give 'great weight' to enumerated mitigating circumstances requires a sentencing court to 'engage[ ] in a

_____

[6]     To the extent Price suggests section 1385, subdivision (c)(2)(C)'s language stating an enhancement "shall be dismissed" if it could result in a sentence of over 20 years creates a mandatory rule requiring dismissal, he is mistaken. (*People v. Mazur* (2023) 97 Cal.App.5th 438, 444 [collecting cases].) Instead, "the mitigating circumstances listed in [section 1385,] subdivision (c)(2) [including in subdivision (c)(2)(C)] merely guide the court's discretion in determining whether a dismissal is in furtherance of justice." (*Mazur*, at p. 445; see also *Walker*, *supra*, 16 Cal.5th at p. 1033.)

13

holistic balancing with *special emphasis* on the enumerated mitigating factors.' " (*Walker*, *supra*, 16 Cal.5th at p. 1034.) The enumerated mitigating circumstances "are entitled to 'increased significance and importance in the [court's] overall balancing of factors' under section 1385." (*Id.* at p. 1036.)

"[S]ection 1385, subdivision (c)(2) does not preclude a trial court from relying on countervailing aggravating factors, apart from a danger to public safety, to uphold an enhancement, despite the presence of one or more mitigating circumstances." (*Walker*, *supra*, 16 Cal.5th at pp. 1028-1029; see *Bravo*, *supra*, 107 Cal.App.5th at p. 1157 ["the trial 'court retains the discretion to impose or dismiss enhancements provided that it assigns significant value' to the presence of any listed mitigating circumstances"].) The sentencing court must find "substantial, credible evidence" of aggravating factors sufficient to "neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Walker*, at p. 1029.)

In discussing what courts should consider in determining whether dismissal of an enhancement would be in "furtherance of justice," *Walker* cited with approval the advisory committee comment to rule 4.428, the complementary rule to section 1385. (See *Walker*, *supra*, 16 Cal.5th at p. 1033.) That comment provides that "in determining the 'furtherance of justice' the court should consider the constitutional rights of the defendant and the interests of society represented by the people; the defendant's background and prospects, *including the presence or absence of a record*; *the nature and circumstances of the crime and the defendant's level of involvement*; the factors in aggravation and mitigation including the specific factors in mitigation of section

14

1385(c); and the factors that would motivate a 'reasonable judge' in the exercise of their discretion." (Advisory Com. com., rule 4.428, italics added; see *People v. Mazur* (2023) 97 Cal.App.5th 438, 446 ["the controlling furtherance of justice standard . . . allows the court to consider the nature and circumstances of the crimes and the defendant's background, character, and prospects"].)

Here, in declining to strike or reduce the firearm enhancement, the court emphasized the "violent nature of the instant matter" and Price's criminal history. The court's failure to specifically indicate that it found these factors neutralized the mitigating factors does not suggest the court failed to give the mitigating factors due weight. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["the fact that the court focused its explanatory comments on [a particular sentencing factor] . . . does not mean that it considered only that factor"]; see also *People v. Dozier* (2025) 116 Cal.App.5th 700, 709, review granted, Feb. 11, 2026 (S294597) ["section 1385, subdivision (c), does not require the court to make any findings when it declines to dismiss an enhancement"].) "Nothing in the record demonstrates the trial court failed to assign significant value to the evidence of his childhood trauma [or the length of his sentence] or otherwise misunderstood or misapplied section 1385(c)." (*Bravo, supra,* 107 Cal.App.5th at p. 1157.) The court indicated it reviewed Price's motion that included his statements about his childhood trauma. We presume the court considered the sentence length and trauma history and gave these factors special emphasis, where the record does not affirmatively establish otherwise. (*People v. Parra Martinez, supra,* 78 Cal.App.5th at p. 323; see *Bravo,* at p. 1157 [rejecting defendant's argument that court

15

misapplied section 1385 because it " 'did not use the "great weight" language or analysis' " when declining to dismiss an enhancement].)

The court did not abuse its discretion in determining that the violent nature of Price's offense and his criminal history neutralized the mitigating factors of the lengthy prison sentence and Price's childhood trauma. The court was entitled to consider "the nature and circumstances of the crime and the defendant's level of involvement," as well as "the presence or absence of a record." (Advisory Com. com., rule 4.428.) The evidence at trial demonstrated Price shot Leslie six times at close range, with no provocation. Leslie's multiple gunshot wounds nearly killed her, required two surgeries and extended hospital stays, and left lasting pain and disabilities. With respect to Price's criminal history, the court had substantial, credible evidence before it that at the time of the offense in question, Price was still under CDCR supervision after serving a 16-year prison sentence for voluntary manslaughter (§ 192, subd. (a)). And just over a year before committing that homicide, Price had committed robbery (§ 211), for which he was sentenced to three years in prison, and had other prior convictions. The court was entitled to consider these factors when deciding whether dismissal would further justice. (See *Walker*, *supra*, 16 Cal.5th at p. 1033.)

In sum, nothing in the record demonstrates the trial court failed to assign significant value to the evidence of Price's childhood trauma or the length of his sentence, or otherwise misunderstood or misapplied section 1385, subdivision (c). Rather, the record shows the court was aware of its discretion to strike the firearm enhancement but ultimately concluded the circumstances of Price's shooting of Leslie and his past criminal

16

history outweighed those mitigating factors such that it would not further the interests of justice to strike or reduce the enhancement.  (See *Walker*, *supra*, 16 Cal.5th at pp. 1033, 1038; *Mendoza*, *supra*, 88 Cal.App.5th at p. 298.)[7]

C.     *The Court Did Not Abuse Its Discretion by Declining To Dismiss the Prior Strike Convictions*

Price contends that the resentencing court abused its discretion by declining to dismiss either prior strike offense.  We are not persuaded.

Price claims the court relied only on "the violent nature of the offense and [his] past criminal conduct," and failed to evaluate his current circumstances, rehabilitation, and future prospects.  The record does not support that characterization.  As discussed, the court stated it had reviewed the resentencing motion, including its 20 exhibits documenting Price's conduct and progress in prison.  As discussed, absent evidence to the contrary, we presume the court considered all relevant factors (see *People*

_____

[7]     Price compares his case to *People v. Garcia* (2024) 101 Cal.App.5th 848, *People v. Gonzalez* (2024) 103 Cal.App.5th 215, and *People v. Williams* (2018) 19 Cal.App.5th 1057.  However, the analyses in those cases focused on whether the trial courts erred when they determined that a reduction in the appellants' sentences would endanger public safety.  (See *Garcia*, at pp. 857-858; *Gonzales*, at pp. 223-224; *Williams*, at p. 1061.)  As Price acknowledges, the court here did not determine his release would endanger public safety.  Rather, the court concluded that countervailing factors rendered a dismissal of the enhancement unwarranted.  As discussed, the court did not need to make a public safety finding to support that ruling.  Those cases are thus inapplicable.

17

*v. Sperling* (2017) 12 Cal.App.5th 1094, 1102), including Price's
" 'present felonies and prior serious and/or violent felony
convictions, and the particulars of his background, character, and
prospects' " (*People v. Nunez, supra*, 97 Cal.App.5th at pp. 370-
371).[8]

We have discussed Price's criminal history and the serious,
violent nature of the instant offenses.  Notably, having been
released from prison for voluntary manslaughter, Price was still
under CDCR supervision when he committed the instant offense.

This is not an "extraordinary case" where "no reasonable
minds could differ" about the failure to strike Price's prior
conviction allegations.  (*Carmony, supra*, 33 Cal.4th at p. 378;
*People v. Brugman* (2021) 62 Cal.App.5th 608, 640.)  Price thus

---

[8]     Price also suggests that under section 1172.75, the court
had to make a public safety finding before denying further relief.
Section 1172.75, subdivision (d)(1), states that the resentencing
shall result in a lesser sentence "unless the court finds by clear
and convincing evidence that imposing a lesser sentence would
endanger public safety."  But Price did receive a lesser sentence—
the court struck the section 667.5, former subdivision (b), prior
prison enhancements and reduced his aggregate sentence from 52
years to life to 50 years to life.  (See *People v. Rhodius* (2025)
17 Cal.5th 1050, 1060 ["In the typical case in which a defendant
who is serving a longer term of imprisonment because of a
repealed enhancement that was imposed and executed, to
eliminate adverse effects of the section 667.5(b) enhancement will
indeed mean imposing a shorter (unstayed) sentence relative to
the enhanced one."]; *Bravo, supra*, 107 Cal.App.5th at p. 1156
[defendant received a " 'lesser sentence' because the trial court
struck the [section] 667.5(b) enhancement"].)  Thus, there was no
requirement that the court make such a finding that Price was a
danger to public safety.

has not shown the court abused its discretion in denying his *Romero* motion and concluding Price was within the spirit of the Three Strikes law.

## DISPOSITION

The order is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.